UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRACEY A. HARDY,

    Plaintiff,

    v.      No. 3:24 CV 166

ANDREW WHITMYER, *et al.*,

    Defendants.

## OPINION and ORDER

Tracey A. Hardy, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee had not been paid. (DE # 21.) Internal court records reflect that the initial partial filing fee has now been received. (DE # 22.) The case can proceed to screening.

Under 28 U.S.C. § 1915A, the court must screen the amended complaint (DE # 7) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Hardy is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Hardy is a prisoner at Westville Correctional Facility, serving a 41-year sentence for multiple counts of dealing in cocaine.[1] *Hardy v. State*, 42 N.E.3d 586 (Table), 2015 WL 7710249, at *1-3 (Ind. Ct. App. 2015). His conviction resulted from an investigation by a joint drug task force comprised of various law enforcement officers within Elkhart County, including Detectives Andrew Whitmyer and Brian Schroth, who organized a series of controlled buys with the help of a confidential informant. *Id.* Hardy now claims that he is factually innocent and that he was wrongfully convicted. The court understands him to be claiming that the controlled buys were improper because: Detectives Whitmyer and Schroth could not directly observe him at all times; the prosecution used audio recordings of the controlled buys without consulting a voice analyst; the prosecution "failed to show an actual chain of custody" for the money used in the controlled buys; and the prosecution suppressed favorable evidence in violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963).[2] Based on these events, he sues Detective Whitmyer, Detective Schroth, and unnamed officers from the drug task force.

Hardy does not state a claim upon which relief can be granted. He cannot use 42 U.S.C. § 1983 to challenge his state conviction; the sole means of challenging a state conviction in federal court is through the habeas corpus statute. *Preiser v. Rodriguez*, 411

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

[2] His amended complaint is somewhat confusing and he did not follow the court's instructions to use the prisoner complaint form. (*See* DE # 6.) Because it can be discerned that his claims fail for other reasons, the court will overlook the deficiency in this instance. In any future civil rights case he files, he must use the court's approved prisoner complaint form, which is available in his prison's law library. *See* N.D. IND. L.R. 7-6 (court can require litigants without counsel to use Clerk-supplied forms).

2

U.S. 475, 488 (1973). Additionally, he cannot pursue a claim in this civil case based on an allegation that he is innocent, that the evidence against him was insufficient, or that his constitutional rights were violated during his trial, because such claims necessarily imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. There is no indication from either his amended complaint or public records that this has occurred. To the contrary, public records reflect that, to date, his efforts to overturn his conviction have been unsuccessful.[3] Therefore, his claims are subject to dismissal without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (claims barred by *Heck* must be dismissed without prejudice).

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith,

---

[3] He unsuccessfully pursued both a direct appeal and state post-conviction relief. *Hardy v. State*, 102 N.E.3d 354 (Table), 2018 WL 2407598 (Ind. Ct. App. May 29, 2018); *Hardy*, 2015 WL 7710249, at *1-3. He also pursued federal habeas relief, but his petition was denied. *Hardy v. Warden*, No. 3:18-CV-640-JD-MGG, 2020 WL 3868706 (N.D. Ind. July 9, 2020). The Seventh Circuit denied his request for a certificate of appealability. *Hardy v. Neal*, No. 20-2378, 2020 WL 8262064 (7th Cir. Nov. 16, 2020). He subsequently filed an unauthorized successive federal petition, which was dismissed for lack of jurisdiction. *Hardy v. Warden*, No. 3:22-CV-64 DRL-MGG, 2022 WL 245411, at *1 (N.D. Ind. Jan. 26, 2022).

dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

Hardy has already been given leave to amend his complaint once. (DE ## 1, 6.) The court also considers that the "favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). The court finds no basis to conclude that if given another opportunity to replead, Hardy could assert a viable constitutional claim based on these events that avoids the *Heck* bar. Therefore, it would be futile to permit him to amend.

For these reasons, this action is **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915A. The Clerk is **DIRECTED** to close the case.

**SO ORDERED.**

Date: August 5, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT